**IN THE COURT OF APPEALS OF IOWA**

No. 15-0477
Filed May 20, 2015

**IN THE INTEREST OF K.M.,**
      **Minor Child,**

**T.M., Mother,**
      Appellant.

_____

Appeal from the Iowa District Court for Linn County, Susan Flaherty, Associate Juvenile Judge.


A mother appeals from an order terminating her parental rights. **AFFIRMED.**


Cynthia S. Finley, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Lance Heeren, Assistant County Attorney, for appellee.

Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor child.


Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Tammy appeals the termination of her parental rights to her child K.M. The juvenile court terminated Tammy's parental rights pursuant to Iowa Code section 232.116(1)(g) and (h) (2013). The grounds for termination pursuant to paragraph (g) are as follows:

> The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.
> (3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.
> (4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

The grounds for termination pursuant to paragraph (h) are as follows:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Tammy contends the State failed to prove by clear and convincing evidence the statutory grounds supporting termination of her parental rights and that termination of her parental rights is not in the best interests of the child.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We examine both the facts and law,

and we adjudicate anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We will uphold an order terminating parental rights only if there is clear and convincing evidence supporting termination of the parent's rights. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *See id.*

Termination of parental rights under Iowa Code chapter 232 follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). First, the court must determine if a ground for termination under section 232.116(1) has been established. *See id.* Second, if a ground for termination is established, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. *See id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory exceptions set forth in section 232.116(3) should serve to preclude termination. *See id.*

On de novo review, we find and conclude that the State proved by clear and convincing evidence the statutory grounds for termination pursuant to section 232.116(1)(g) and (h) and that termination was in the best interests of the child. At the time of termination, K.M. was two years old. She was removed from the home in April 2012, three days after her birth, and was out of the home for twenty-two months of her short life. K.M. was adjudicated in need of assistance in May 2012. On at least three occasions during the pendency of this

proceeding, the mother's dogs injured the child, including one incident in which one of the dogs locked its jaws around the toddler's head, necessitating stitches. The Iowa Department of Human Services concluded the child could not be returned to Tammy's custody because of the risk of physical harm to the child. The Department instructed the mother to remove the dogs from the home or risk losing her rights to the child. Tammy chose to keep the dogs. Tammy's decision is unsurprising. K.M. is Tammy's ninth child. The prior eight children were removed from Tammy's custody and care due to her ongoing substance abuse, untreated mental health conditions, general inability to care for her children, and abuse of the children. Tammy's rights to the prior eight children were terminated. "What is past is prologue." *In re D.H.*, No. 14-1965, 2015 WL 1055517, at *3 (Iowa Ct. App. Mar. 11, 2015); *see In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) ("When making this decision, we look to the parent's past performance because it may indicate the quality of care the parent is capable of providing in the future."). Tammy does not contend K.M. could have been returned to her care at the time of the hearing. Due to the previous termination of parental rights, an additional rehabilitation period of six months was not warranted. *In re M.B.*, 553 N.W.2d 343, 346 (Iowa Ct. App. 1996). It is in the child's best interests to terminate Tammy's parental rights.

For all these reasons, we affirm the juvenile court's decision by memorandum opinion. *See* Iowa R. App. P. 21.26(1)(a),(b), (d), and (e).

**AFFIRMED.**